UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
G & S PRODUCE AND TRUCKING, INC.,

        Case No. 15-cv-8072

        Plaintiff,

- against -        **COMPLAINT**

LA BOUCHERIE, INC. d/b/a LES HALLES,
15 JOHN CORP d/b/a LES HALLES,
FIRST ADMIN, INC. and PHILIPPE J. LAJAUNIE,

        Defendants.
------------------------------------------------------------------X

    Plaintiff G & S Produce and Trucking, Inc. ("G&S"), by and through undersigned counsel, as and for its complaint against defendants La Boucherie, Inc. d/b/a Les Halles ("Boucherie"), 15 John Corp. d/b/a Les Halles ("15 John"), First Admin, Inc. ("First Admin") and Philippe J. Lajaunie ("Lajaunie") (Boucherie, 15 John, First Admin and Lajaunie collectively, "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

    1.    Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) (hereafter "PACA") and 28 U.S.C. § 1331.

    2.    Venue in this District is based on 28 U.S.C. § 1391 in that a substantial part of the events giving rise to Plaintiff's claims occurred in this District and the Defendants reside in this District.

## PARTIES

    3.    Plaintiff G&S is a New Jersey corporation with a principal place of business in Rumson, New Jersey, engaged in the business of buying and selling wholesale quantities of produce

in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

4. Defendant Boucherie is a New York corporation with its principal place of business in New York, New York, engaged in the business of buying wholesale quantities of produce in interstate commerce, and was at all relevant times subject to the provisions of PACA as a dealer.

5. Defendant 15 John is a New York corporation with its principal place of business in New York, New York, engaged in the business of buying wholesale quantities of produce in interstate commerce, and was at all relevant times subject to the provisions of PACA as a dealer.

6. Defendant First Admin is a New York corporation with its principal place of business in New York, New York, engaged in the business of buying wholesale quantities of produce in interstate commerce, and was at all relevant times subject to the provisions of PACA as a dealer.

7. Defendant Lajaunie is and was an officer, director and/or shareholder of Boucherie, 15 John and First Admin (collectively, the "Corporate Defendants") during the period of time in question, and upon information and belief, controlled the operations of Corporate Defendants, and was in a position of control over the PACA trust assets belonging to Plaintiff.

## **GENERAL ALLEGATIONS**

8. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

9. Between January 12, 2015, and October 2, 2015, Plaintiff sold and delivered to Defendants in interstate commerce wholesale quantities of produce worth $63,548.15.

10. Defendants have failed to pay for the goods when payment was due, despite repeated demands, and presently owe Plaintiff the aggregate principal amount of $63,548.15.

11. At the time of receipt of the produce, Plaintiff became a beneficiary of a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

12. Plaintiff preserved its interest in the PACA trust in the amount of $63,548.15 and remains a beneficiary until full payment is made for the produce.

13. Defendants' failure, refusal and inability to pay Plaintiff indicates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Failure to Pay Trust Funds)

14. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15. The failure of Defendants to make payment to Plaintiff of trust funds in the amount of $63,548.15 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

16. Pursuant to PACA and the prevailing cases, Plaintiff is entitled to injunctive relief against Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Failure to Pay For Goods Sold)

17. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 16 above as if fully set forth herein.

18. Defendants failed and refused to pay Plaintiff the amount of $63,548.15 owed to Plaintiff for goods received by Defendants from Plaintiff.

19. As a direct and proximate result of Defendants' failure to pay for the goods sold, Plaintiff has incurred damages in the amount of $63,548.15, plus interest from the date each invoice became past due, costs and attorneys' fees.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST CORPORATE DEFENDANTS
(Breach of Contract)

20. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 19 above as if fully set forth herein.

21. Corporate Defendants received Plaintiff's invoices without objection on or about the dates indicated on the faces of the invoices.

22. Plaintiff's invoices to Corporate Defendants constitute valid and enforceable agreements between the parties.

23. Corporate Defendants breached the agreements between the parties by failing to timely remit payment for the goods it received from Plaintiff.

24. Plaintiff has performed all of the duties, obligations and conditions precedent on its part to be performed under the Agreement.

25. As a direct and proximate result of Corporate Defendants' breach of contract, Plaintiff has suffered damages in the amount of $63,548.15, plus interest from the date each invoice became past due, costs and attorneys' fees.

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST DEFENDANT LAJAUNIE
(Unlawful Dissipation of Trust Assets by a Corporate Official)

26. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 25 above as if fully set forth herein.

27. Upon information and belief, Defendant Lajaunie is an officer, director and/or shareholder who operated Corporate Defendants during the relevant time period and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

28. Defendant Lajaunie failed to direct Corporate Defendants to fulfill their statutory duties to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

29. Defendant Lajaunie's failure to direct Corporate Defendants to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

30. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its right as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
(Failure to Make Prompt Payment of Trust Funds)

31. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 30 above as if fully set forth herein.

32. Defendants received each of the shipments on which this action is based.

33. Defendants are required to promptly tender to Plaintiff full payment for the produce received in those shipments pursuant to PACA.

34. Defendants failed and refused to pay for the produce supplied by Plaintiff within the payment terms specified on Plaintiff's invoices.

35. As a direct and proximate result of Defendants' failure to pay promptly, Plaintiff has incurred damages in the amount of $63,548.15, plus interest from the date each invoice became past due.

//

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST CORPORATE DEFENDANTS
(Unlawful Retention of Trust Assets)

36. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 35 above as if fully set forth herein.

37. Upon information and belief, proceeds from the sale of produce were transferred by and among Boucherie, 15 John, First Admin and Lajaunie.

38. These transfers were made in breach of the PACA trust.

39. Upon information and belief, Boucherie, 15 John, First Admin and Lajaunie continue to hold any and all proceeds from the sale of produce having come into their possession, or assets acquired with those funds, as trustees for Plaintiff.

40. Plaintiff has been damaged in the amount of $63,548.15 as a direct and proximate result of Boucherie, 15 John, First Admin and Lajaunie having retained the proceeds from the sale of produce, or assets acquired with those funds, without delivery to Plaintiff.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST CORPORATE DEFENDANTS
(Alter Ego)

41. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 40 above as if fully set forth herein.

42. Lajaunie is identified as a principal of Boucherie, 15 John and First Admin in the corporate records of those companies on file with the New York State Secretary of State.

43. Lajaunie is identified as a co-debtor of Boucherie and 15 John, and each of the other, in UCC financing statements on file with the New York State Secretary of State.

44. Lajaunie, Boucherie, 15 John and First Admin use the same addresses and telephone numbers.

45. Boucherie, 15 John and First Admin do business as Les Halles.

46. Upon information and belief, the Corporate Defendants share the same banking institution and trade references.

47. Upon information and belief, the officers, directors and/or shareholders of Corporate Defendants do not act independently in the interest of those companies, but take direction from the principals or entities that have sufficient capitalization.

48. Upon information and belief, Corporate Defendants have grossly inadequate capital.

49. Upon information and belief, some of the Corporate Defendants pay the salaries, expenses or losses of the other Corporate Defendants.

50. Upon information and belief, Corporate Defendants commingle corporate funds.

51. Corporate Defendants have failed to maintain the corporate formalities.

52. Corporate Defendants have abused the corporate form to deprive Plaintiff of the PACA trust funds to which it is entitled.

53. Boucherie, 15 John and First Admin are alter egos of one another, entitling Plaintiff to recover the PACA debt, jointly and severally, from each of the Corporate Defendants.

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Interest and Attorneys' Fees)

54. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 53 above as if fully set forth herein.

55. PACA, New York Law and the written agreement between the parties entitle Plaintiff to recover pre-judgment interest and attorneys' fees incurred to collect any balance due from Defendants.

56. As a result of Defendants' continued failure to make full payment promptly in the amount of $63,548.15, Plaintiff has been required to pay attorneys' fees and costs in order to bring

this action to require Defendants to comply with their contractual and statutory duties under PACA, and upon information and belief, will further incur such costs and fees.

**WHEREFORE**, Plaintiff requests the following relief:

A. On the first cause of action, judgment against all Defendants, jointly and severally, in the amount of $63,548.15 under the trust provisions of PACA;

B. On the second cause of action, judgment against all Defendants, jointly and severally, in the amount of $63,548.15 under the trust provisions of PACA;

C. On the third cause of action, judgment against Corporate Defendants, jointly and severally, in the amount of $63,548.15;

D. On the fourth cause of action, judgment against Lajaunie in the amount of $63,548.15 under the trust provisions of PACA;

E. On the fifth cause of action, judgment against all Defendants, jointly and severally, in the amount of $63,548.15 under the trust provisions of PACA;

F. On the sixth cause of action, judgment against Corporate Defendants, jointly and severally, in the amount of $63,548.15 under the trust provisions of PACA;

G. On the seventh cause of action, a declaration that Corporate Defendants are alter egos of one another;

H. On the eighth cause of action, judgment against all Defendants, jointly and severally, for prejudgment interest and attorneys' fees; and

//

//

//

//

- 9 -

I.      Such other and further relief as the Court deems just and proper.

Dated: October 14, 2015

                          Respectfully submitted,
                          McCARRON & DIESS
                          Attorneys for Plaintiff


                    By: /s/ Gregory Brown
                          Gregory Brown
                          707 Walt Whitman Road, Second Floor
                          Melville, New York 11747
                          Phone:      (631) 425-8110
                          Fax:        (631) 425-8112
                          gbrown@mccarronlaw.com